FILED
FEB 22 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing
ORIGINAL

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV11 0823

| | |
|---|---|
| ERIC GYURICZA,<br><br>Plaintiff,<br><br>vs.<br><br>SACOR FINANCIAL, INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Eric Gyuricza ("Plaintiff"), is a natural person residing in San Francisco county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Sacor Financial, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On or about November 2010, Defendant initially contacted Plaintiff in connection with an attempt to collect an alleged debt.

7. During the initial contact, Defendant failed to disclose to Plaintiff that the call was from a debt collector attempting to collect a debt.

8. On more than one occasion, Defendant contacted Plaintiff at his work phone number in connection with an attempt to collect an alleged debt.

9. On more than one occasion, Defendant contacted Plaintiff's co-workers, third parties to this action, and disclosed to them, the existence of an alleged debt owed by Plaintiff and the identity of Plaintiff without being expressly asked.

10. Defendant contacted Plaintiff at times and places that were known or should have been known to be inconvenient, including numerous calls to Plaintiff's work.

11. On or about December 6, 2010, Defendant contacted Plaintiff and threatened that failure to pay the alleged debt would result in a lien on Plaintiff's property.

12. On or about December 6, 2010, Defendant contacted Plaintiff and threatened that failure to pay the alleged debt would result in a garnishment of Plaintiff's wages.

13. On or about December 6, 2010, Defendant threatened to seize Plaintiff's property for non payment of the alleged debt stating that Defendant was currently in the process of researching Plaintiff's assets.

14. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));
   b) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));
   c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));
   d) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));
   e) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));
   f) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11));
   g) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));
   h) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));
   i) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));


j) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, (§1692c(a)(1));

k) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer (§1692c(a)(1)(3));

l) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§1692b & §1692c(b));

m) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§1692b(1) & §1692c(b));

n) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & §1692c(b));

o) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & §1692c(b));

p) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e)); and

q) Communicating, or threatening to communicate to a third party the fact that Plaintiff has engaged in conduct, other than the failure to pay a consumer debt, which Defendant knew or had reason to know would defame the debtor (Cal Civ Code §1788.10(c)).

15. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and

Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

Case3:11-cv-00823-EMC Document1 Filed02/22/11 Page7 of 7

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 17th day of February, 2011.

By: _____
**Todd M. Friedman (216752)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**